United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Joseph L. Miller
Rebecca L. Miller
    Debtors

Case No. 12-20116-amc
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin        Page 1 of 2        Date Rcvd: Aug 24, 2018
                       Form ID: 3180W     Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2018.
```
db/jdb         +Joseph L. Miller,    Rebecca L. Miller,    52 Oval Turn Lane,    Levittown, PA 19055-1518
13034908       +JP Morgan Chase Bank, National Association,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code: LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Aug 25 2018 02:00:06     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 25 2018 01:59:04
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 25 2018 02:00:01     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12939648       +EDI: GMACFS.COM Aug 25 2018 05:48:00      Ally Financial Inc.,    P O Box 130424,
                 Roseville, MN 55113-0004
12963663        EDI: AIS.COM Aug 25 2018 05:48:00      American InfoSource LP as agent for,    Verizon,
                 PO Box 248838,    Oklahoma City, OK 73124-8838
12922848       +EDI: HFC.COM Aug 25 2018 05:48:00      BENEFICIAL CONSUMER DISCOUNT COMPANY,
                 636 GRAND REGENCY BLVD.,    BRANDON, FL. 33510-3942
12899048        EDI: BANKAMER.COM Aug 25 2018 05:48:00      Bank of America, N.A.,    NC4-105-02-99,
                 PO Box 26012,    Greensboro, NC 27420-6012
13124416       +E-mail/Text: bncmail@w-legal.com Aug 25 2018 01:59:51     Cheswold (Ophrys), LLC,
                 c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132
12893819       +E-mail/Text: bankruptcy@cunj.org Aug 25 2018 01:58:58     Credit Union Of N J,    Po Box 7921,
                 Ewing, NJ 08628-0921
13116197        EDI: JEFFERSONCOM.COM Aug 25 2018 05:48:00      JEFFERSON CAPITAL SYSTEMS LLC,    PO BOX 7999,
                 ST CLOUD MN 56302
12913961        EDI: JEFFERSONCAP.COM Aug 25 2018 05:48:00      Jefferson Capital Systems LLC,    PO BOX 7999,
                 SAINT CLOUD MN 56302-9617
12954949        EDI: NEXTEL.COM Aug 25 2018 05:48:00      Sprint Nextel,    Attn Bankruptcy Dept,    PO Box 7949,
                 Overland Park KS 66207-0949
                                                                                                TOTAL: 12

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12956263       ##+Rjm Acquisitions Funding Llc,    575 Underhill Blvd, Suite 224,    Syosset, NY 11791-3416
                                                                                              TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2018                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 23, 2018 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              ELLIS B. KLEIN    on behalf of Debtor Joseph L. Miller ykassoc@gmail.com, ykaecf@gmail.com,
               ebklein.ykabk@gmail.com,paullawyers@gmail.com,pyoung@ykalaw.com
              ELLIS B. KLEIN    on behalf of Joint Debtor Rebecca L. Miller ykassoc@gmail.com, ykaecf@gmail.com,
               ebklein.ykabk@gmail.com,paullawyers@gmail.com,pyoung@ykalaw.com
              JEROME B. BLANK    on behalf of Creditor    JPMorgan Chase Bank, National Association
               paeb@fedphe.com
```

```
District/off: 0313-2          User: admin             Page 2 of 2              Date Rcvd: Aug 24, 2018
                              Form ID: 3180W          Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        JOSEPH ANGEO DESSOYE   on behalf of Creditor   JPMorgan Chase Bank, N.A., et. al. paeb@fedphe.com
        KEVIN G. MCDONALD   on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
        MARIO J. HANYON   on behalf of Creditor   JPMorgan Chase Bank, National Association paeb@fedphe.com
        PAUL H. YOUNG   on behalf of Joint Debtor Rebecca L. Miller support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com
        PAUL H. YOUNG   on behalf of Debtor Joseph L. Miller support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com
        THOMAS I. PULEO   on behalf of Creditor   BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com, philaecf@gmail.com

                                                                                                               TOTAL: 12

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Joseph L. Miller** | Social Security number or ITIN **xxx–xx–5737** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Rebecca L. Miller** | Social Security number or ITIN **xxx–xx–5710** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–20116–amc** | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Joseph L. Miller                                  Rebecca L. Miller

8/23/18                                           **By the court:**   Ashely M. Chan
                                                                      United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**